**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, LOCAL UNIONS 561, 562, 563, 564, 565, | ) ) ) ) | |
| Plaintiffs, | ) | No. 13 C 01415 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, INTERNATIONAL, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Five local unions whose membership consists of mechanics employed by American Airlines (the "Locals") sued their parent international organization, the Transport Workers Union of America, AFL-CIO, International Union ("TWU" or "International") to prevent the implementation on March 22, 2013, of a plan that will result in the dissolution of the Locals and the consolidation of their membership into a Single Line Local Union, as well as the placement of some Local 565's membership into another local. On March 15, 2013, the Court denied the Locals' motion for a temporary restraining order. Although that motion was decided with the benefit of briefs and written evidentiary submissions by both sides, as well as a full hearing, the Court nevertheless allowed for supplemental briefing and evidentiary submissions pending a final ruling on the request for preliminary injunction. Both sides submitted supplemental briefs but no additional evidence. The Court conducted another hearing on March 21, at which the Locals presented additional argument in favor of their request for a preliminary injunction, and the International rested on its written submissions. The Court denied the motion and gave its reasons in open court. This opinion summarizes the ruling.

1

## FACTS

The Court incorporates fully its March 15 opinion and assumes the readers' familiarity with that decision. It remains the case that there are no disputed factual issues that require findings by the Court; this is purely a matter of interpreting the TWU Constitution, the contents of which are not in dispute. Although it need not reiterate the background of the case, the Court clarifies, in light of the Locals' objection, that its reference in the March 15 opinion to the American Airlines bankruptcy and merger with U.S. Airways was for purposes of background only and did not constitute a finding of fact on which its ruling was premised. The Court agrees with the Locals that for purposes of this case, the salient fact is that American Airlines has operated without interruption throughout the bankruptcy proceedings, and the mechanics have continued to be represented by the TWU. The International's discretionary decision to dissolve the Locals and merge them into a single line local, even if it arises in the context of the bankruptcy and/or the merger, is what triggered this case.

## DISCUSSION

### I.     Preliminary Issues

Neither party took issue with the Court's conclusion that the Norris-LaGuardia Act does not deprive it of jurisdiction over an action for injunctive relief. Nor did any party object to the court's exercise of its discretion not to require the Locals to exhaust every available union remedy before hearing this case. Therefore, no elaboration on the March 15 order is needed with respect to these issues.

## II.     Preliminary Injunction

A preliminary injunction is warranted if "the plaintiffs must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without the injunction, that the harm they would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and that the injunction is in the public interest." *See Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

The Court concludes that most of the factors weigh in favor of the Locals. First, the Locals have demonstrated a risk that they will suffer irreparable harm without preliminary injunctive relief. Effective tomorrow, the Locals are obligated to cease operations and the new single line local, Local 591, will commence operations. The votes for the officers of Local 591, which have been gathered amidst these proceedings, will be counted. Although the defunct locals could be re-constituted if they were to ultimately prevail at trial, in the meantime the members would have been deprived of a form of representation that they prefer and to which they were entitled under the TWU Constitution (assuming a victory by the Locals). Therefore, the element of irreparable harm is satisfied.

The balance of harms also tips in favor of the Locals. As noted, the locals will be shuttered tomorrow, and the local union officers (except for any elected to the leadership of Local 591) will no longer represent the membership. The Locals will be subject to what they consider an inferior form of representation. On the other hand, despite the International's statement that it will face "real, tangible hardships if its own locals are not required to abide by its constitution," it fails to delineate a single "real, tangible" hardship. Also unclear is how *the Locals* would be failing to abide the constitution if the status quo were maintained.  The only

harm to the International that the Court discern is that its restructuring plan would be delayed pending trial. There is no record evidence that such a delay would cause substantial harm.

The public interest factor is, as the Court suggested on the record, a wash. The TWU says that the public interest is in "judicial noninterference in internal union affairs." And the Locals say the public interest favors the status quo because the members will receive superior representation. In the Court's view, however, the public interest is implicated minimally, if at all, in an internal disagreement about how a union should be structured and governed. An injunction would neither harm nor advance the public interest.

Although the other injunction factors favor the Locals, the Court stands on its conclusion that the Locals have failed to demonstrate even a negligible possibility of success of the merits of their claim. The Court explained its reasoning for this conclusion in the March 15 order, and the Locals have not presented any new argument implicating the soundness of the legal analysis, although they disagree with the result. Indeed, not once in their supplement brief or at the preliminary injunction hearing did the locals mention, let alone attempt to refute, the well-settled proposition that the courts must "defer to a union's interpretation of its own constitution so long as the interpretation is not unreasonable" or even "patently unreasonable." *Fulk v. United Transp. Union*, 160 F.3d 405, 407 (7th Cir. 1998); *Air Wisconsin Pilots Protection Committee v. Sanderson*, 909 F.2d 213, 218 (7th Cir. 1990). The Locals have presented a competing, plausible, interpretation of the TWU constitution. But that is far from a showing that the International's interpretation is patently unreasonable, and therefore falls short of the showing necessary to suggest that the Locals have any colorable chance for success on the merits.

As the Court noted in its March 15 opinion, the TWU Constitution leaves no doubt that local unions are subordinate to, and exist for the purpose of, promoting the interests of the

International and representation of the membership in the key functions of negotiating and administering collective bargaining agreements. The International Executive Committee and the constitutional officers have substantial authority to take those actions they deem to be in the best interests of the International and its members. Thus it is not patently unreasonable for the International to interpret the TWU constitution in a way that permits it to dissolve or merge local unions for administrative reasons unrelated to financial or other malfeasance by the locals, and to do so without the "due process hearing" that would be required if some misconduct were alleged.

As for the alternate argument that the International's reorganization was done in bad faith, the Locals made no attempt to convince the Court, either in their supplemental brief or at the preliminary injunction hearing, that it should reconsider its conclusion that the Locals cannot meet their burden of showing even a negligible likelihood of success.

Similarly, the Locals make no attempt at this stage to press their claim that the International violated its duty of fair representation. The Court therefore does not reconsider its view that the duty of fair representation is inapt in this intra-union dispute that does not implicate the negotiation, ratification, enforcement, or administration of the union's (and the membership's) collective bargaining rights.

* * *

The Court denies the motion for preliminary injunction because the Locals have not established a likelihood of success on the merits, despite showing that the remaining injunction factors weigh in their favor. This final decision denying injunctive relief is immediately

5

appealable under 28 U.S.C. § 1292(a), and an appeal may be taken in the manner set forth in

Federal Rules of Appellate Procedure 3 and 4.[1]

Entered: March 21, 2013

John J. Tharp, Jr.
United States District Judge

---

[1] The Court further notes that in some emergency situations, expedited appeals are permitted in the sole discretion of the Court of Appeals (*see, e.g., Wirtz v. City of South Bend*, 669 F.3d 860, 863 (7th Cir. 2012)), and, accordingly, it has endeavored to make its decision available in timely manner.